1

2

3

4

5

6

7

8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    LAPEER MOORE,                                    No. CIV S-11-1613-MCE-CMK-P

12                Petitioner,

13          vs.                                        FINDINGS AND RECOMMENDATIONS

14    JAMES D. HARTLEY,

15                Respondent.

16    _____/

17                Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of

18    habeas corpus pursuant to 28 U.S.C. § 2254 challenging the denial of parole in 2009.  Pending

19    before the court is petitioner's petition for a writ of habeas corpus (Doc. 1).

20                Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary

21    dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any

22    exhibits annexed to it that the petitioner is not entitled to relief in the district court."  In the

23    instant case, it is plain that petitioner is not entitled to federal habeas relief.  Reversing the Ninth

24    Circuit's decision in Hayward v. Marshall, 603 F.3d 546 (9th Cir. 2010) (en banc), the United

25    / / /

26    / / /

1

1  States Supreme Court recently observed:

2      Whatever liberty interest exists [in parole] is, of course, a *state*
       interest.  There is no right under the Federal Constitution to be
3      conditionally released [on parole] before the expiration of a valid sentence,
       and the States are under no duty to offer parole to their prisoners.  Id. at 7.
4      When, however, a State creates a liberty interest, the Due Process Clause
       requires fair procedures for its vindication – and federal courts will review
5      the application of those constitutionally required procedures. . . .

6      Swarthout v. Cooke, 562 U.S. ___, 131 S. Ct. 859, 862 (9th Cir. 2011) (per
       curiam) (citing  Greenholtz v. Inmates of Neb. Penal and Correctional Complex,
7      442 U.S. 1, 7 (1979)) (emphasis in original).

8  The Court held:

9          . . . In the context of parole, we have held that the procedures
       required are minimal.  In Greenholtz, we found that a prisoner subject to a
10     parole statute similar to California's received adequate process when he
       was allowed an opportunity to be heard and was provided a statement of
11     the reasons why parole was denied.  442 U.S. at 16.  "The Constitution,"
       we held, "does not require more."  Ibid.  Cooke and Clay received at least
12     this amount of process: They were allowed to speak at their parole
       hearings and to contest the evidence against them, were afforded access to
13     their records in advance, and were notified as to the reasons why parole
       was denied.  (citations omitted).
14         That should have been the beginning and the end of the federal
       habeas courts' inquiry into whether Cook and Clay received due
15     process. . . .

16     Id.

17  The Court added that "[n]o opinion of ours supports converting California's 'some evidence' rule

18  into a substantive federal requirement" and ". . . it is no federal concern . . . whether California's

19  'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was

20  correctly applied" because "a 'mere error of state law' is not a denial of due process."  Id. at 862-

21  63 (citing Engle v. Isaac, 456 U.S. 107, 121, n.21 (1982)).  Thus, in cases challenging the denial

22  of parole, the only issue subject to federal habeas review is whether the inmate received the

23  procedural due process protections of notice and an opportunity to be heard.  There is no other

24  clearly established federal constitutional right in the context of parole.

25  / / /

26  / / /

1    Here, to the extent petitioner claims that the decision to deny parole was not based

2  on "some evidence" or otherwise failed to satisfy substantive due process, the claim is foreclosed

3  as a matter of law because there is no clearly established federal constitutional substantive due

4  process right in parole.  To the extent petitioner claims that he was not provided the minimal

5  procedural due process protections of notice and an opportunity to be heard, the petition must be

6  denied because it is clear on the face of the petition and documents attached thereto that

7  petitioner was provided the minimum procedural protections guaranteed by the federal

8  constitution.

9    Based on the foregoing, the undersigned recommends that petitioner's petition for

10  a writ of habeas corpus (Doc. 1) be summarily dismissed.

11    These findings and recommendations are submitted to the United States District

12  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

13  after being served with these findings and recommendations, any party may file written

14  objections with the court.  Responses to objections shall be filed within 14 days after service of

15  objections.  Failure to file objections within the specified time may waive the right to appeal.

16  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17

18   DATED:  August 10, 2011

19

20  _____
    **CRAIG M. KELLISON**
    UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26